**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1471
_____

SHANICQUA S. APONTE,
                    Appellant

v.

POTTSTOWN SCHOOL DISTRICT; RYAN OXENFORD; MATTHEW MOYER;
STEVEN RODRIGUEZ; BRETT WADE; KIM STILLWELL; EREN JACOBS;
JOSEPH SCHROEDER, ALL IN PERSONAL AND PROFESSIONAL CAPACITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-03199)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 6, 2021
Before: JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed:  January 15, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Shanicqua Aponte, proceeding pro se, appeals after the District Court granted judgment on the administrative record in favor of the Pottstown School District ("the District"). For the following reasons, we will affirm.

As relevant, Aponte, in her twice-amended complaint, brought claims under the Individuals with Disabilities Education Act ("IDEA"), which requires institutions that receive federal education funding to provide all children with disabilities a free and appropriate public education ("FAPE").[1] See 20 U.S.C. § 1400(d)(1)(A); § 1412(a)(1)(A); Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 529-31 (2007) (recognizing that parents have independent substantive and procedural rights concerning the education of their children under the IDEA). She alleged that the District failed to provide her child ("the Student") with a FAPE, and that the District retaliated against her in violation of Section 504 of the Rehabilitation Act of 1973, 19 U.S.C. § 794(a) ("Section 504"). Aponte also named as defendants several employees of the District ("District Employee Defendants"), and Brett Wade, the principal of a private school that contracted with the District to briefly provide the Student with educational services.

Initially, the District Court granted the defendants' motions to dismiss, in part, and dismissed all claims and defendants, with the exception of Aponte's IDEA claims and

---

[1] Because we write primarily for the benefit of the parties, we will recite only the facts necessary for the discussion.

Section 504 claims against the District.[2]  Subsequently, the District Court granted judgment on the administrative record in favor of the District.  Aponte timely appealed.

We have jurisdiction to review the District Court's final order pursuant to 28 U.S.C. § 1291.[3]  We exercise plenary review of a district court's legal conclusions but review the court's factual findings for clear error.  Lauren W. v. DeFlaminis, 480 F.3d 259, 266 (3d Cir. 2007).

The District Court did not err in granting judgment on the administrative record in favor of the District.  We have held in the context of IDEA claims, that, "[l]ike the District Court, we 'must accept the state agency's credibility determinations unless the non-testimonial, extrinsic evidence in the record would justify a contrary conclusion.'" D. K. v. Abington Sch. Dist., 696 F.3d 233, 243 (3d Cir. 2012) (quoting Shore Reg'l High Sch. Bd. of Educ. v. P.S. ex rel. P.S., 381 F.3d 194, 199 (3d Cir. 2004)).  Here, Aponte's arguments amount to nothing more than challenges to the Hearing Officer's credibility determinations and assertions that various testifying witnesses lied during the

---

[2] The District Court also dismissed Aponte's request for compensatory and punitive damages against the District under the IDEA, and her request for punitive damages against the District under Section 504.

[3] As Wade and the District Employee Defendants correctly assert, Aponte offers no argument in her brief that the District Court erred in granting their motions to dismiss. Accordingly, Aponte has forfeited any challenge to the District Court's decision to dismiss Wade and the District Employee Defendants.  See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

hearing. Aponte did not offer any relevant non-testimonial, extrinsic evidence that would warrant a departure from the Hearing Officer's factual findings. For these reasons, the District Court properly granted judgment on the administrative record with regard to Aponte's IDEA claim.[4]

The District Court also did not err in granting judgment on the administrative record in favor of the District on Aponte's Section 504 retaliation claim. To succeed on a Section 504 retaliation claim, a plaintiff "must show (1) that [she] engaged in a protected activity, (2) that defendant[']s[] retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." Lauren W., 480 F.3d at 267 (citations omitted). A defendant, in turn, may defeat a retaliation claim by showing that the same action would have been taken even if the plaintiff had not engaged in the protected activity. Id. (citing Ambrose v. Twp. of Robinson, 303 F.3d 488, 493 (3d Cir. 2002)).

---

[4] Aponte also argued that the District Court erred by not permitting her to file a sur-reply. However, such a decision is reviewed for abuse of discretion. See generally Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 276 (3d Cir. 2001); In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). The District Court denied Aponte's motion to file a sur-reply based on a failure to show good cause, as required under the District Court's local rules. Indeed, Aponte's motion for leave to file a sur-reply provided no explanation for what the sur-reply would address. Accordingly, the District Court did not abuse its discretion.

Aponte claimed that calls to the Office of Children and Youth ("OCY") in October 2016 and October 2017 for suspected child abuse and neglect were retaliation for her advocating for a FAPE for the Student, and that the Hearing Officer's findings to the contrary should be overturned.[5] With regard to the October 2016 call, Aponte asserts that one of the relevant witnesses at the hearing lied about a related matter. However, as grounds for that assertion, Aponte submitted to the District Court an email chain which does not demonstrate that the witness in question lied. Furthermore, the District Court found credible the testimony of the key witness, who actually called OCY, and Aponte has not meaningfully challenged this finding. Accordingly, as the District Court concluded, the record does not indicate that the October 2016 call to OCY was retaliatory in nature. Similarly, with regard to the October 2017 call to OCY, the District Court found credible the testimony of witnesses who described the Student's behavior that led to the call that day, and Aponte failed to meaningfully challenge that conclusion to establish that the call was placed as retaliation, rather than in response to the events of the day.

Based on the foregoing, we will affirm the District Court's judgment.

---

[5] OCY ultimately concluded that the reports of "suspected child abuse and neglect" were "unfounded."